

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

BRIAN S. SOKOLOFF
BSOKOLOFF@SOKOLOFFSTERN.COM

June 16, 2025

Plaintiff is ordered to provide the requested HIPAA authorizations, or show cause in writing why he should not be required to do so, no later than 6/19/25.

SO ORDERED.

*Cathy Seibel*   6/16/25
CATHY SEIBEL, U.S.D.J.

**VIA ECF**
Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street, Courtroom 621
White Plains, New York 10601

Re:   *Theodore v. Town of Kent New York, et al.*
      Docket No. 7:24-CV-05414-CS
      File No. 230172

Your Honor:

This firm represents Defendants Town of Kent New York, Chief Kevin Owens, and Police Officer Steven Gasparrini, Detective Raymond Beauchesne, and Detective Jason Knapp in the above referenced matter, brought by *pro se* Plaintiff Ryan Theodore. With depositions due to be completed by July 8, 2025, Plaintiff still has not provided Defendants with the completed authorization necessary to obtain medical and mental health treatment records, and still has not provided complete responses to numerous interrogatories. Without this information, we have been unable to conduct Plaintiff's deposition.

We served our discovery requests on February 10, 2025. (Ex. A, Defendants' Discovery Requests.) Plaintiff responded to such requests on March 11, 2025. (Ex. B, Plaintiff's Responses.) Following the receipt of Plaintiff's responses, we requested Plaintiff produce HIPAA authorizations, as detailed in our discovery requests, allowing Defendants to review his medical records in regards to his claims against Defendants. On March 24, 2025, we noticed Plaintiff's deposition for April 29, 2025. (Ex. C, Notice of Deposition.) After numerous emails to Plaintiff requesting the HIPAA authorizations, we were forced to cancel the April 29, 2025 deposition. We did not seek Court intervention until this time, because we tried to explain to Plaintiff the need for him to provide HIPAA authorizations before we could conduct his deposition. Since then, Plaintiff has not produced such authorizations.

Accordingly, we respectfully ask the Court compel Plaintiff to produce the HIPAA authorizations so we can complete depositions by the Court's July 8, 2025 deadline. Thank you for your consideration in this matter.

LONG ISLAND   ▪   HUDSON VALLEY

Very truly yours,

SOKOLOFF STERN LLP

BRIAN S. SOKOLOFF
DANIELLE L. JACOBS

cc: All parties of record [Via ECF]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN THEODORE,<br><br>                          Plaintiff,<br><br>             -against-<br><br>TOWN OF KENT NEW YORK, TOWN OF KENT POLICE CHIEF KEVIN OWENS, TOWN OF KENT POLICE OFFICER STEVEN GASPARRINI, TOWN OF KENT DETECTIVE RAYMOND BEAUCHESNE, TOWN OF KENT DETECTIVE JASON KNAPP,<br><br>                        Defendants. | **DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR DOCUMENTS**<br><br>Docket No. 24-cv-05414 (CS) |

      **PLEASE TAKE NOTICE**, that pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules, Defendants TOWN OF KENT NEW YORK (hereinafter referred to as the "Town"), TOWN OF KENT POLICE CHIEF KEVIN OWENS ("Chief Owens"), TOWN OF KENT POLICE OFFICER STEVEN GASPARRINI ("Officer Gasparrini"), TOWN OF KENT DETECTIVE RAYMOND BEAUCHESNE ("Detective Beauchesne"), and TOWN OF KENT DETECTIVE JASON KNAPP ("Detective Knapp") (collectively "Defendants"), by and through their attorneys SOKOLOFF STERN LLP, hereby demand that, within thirty (30) days from the date hereof, Plaintiff answer the following interrogatories **under oath** and produce and permit discovery of the following documents and things:

<u>**INSTRUCTIONS & DEFINITIONS**</u>

      a)     These interrogatories and requests for production of documents are directed toward Plaintiff, his agents, representatives, employees, attorneys, and any other person(s) subject to his control.

b) If Plaintiff cannot answer any of the following interrogatories or requests for production in full after exercising due diligence in attempting to secure the information available to Plaintiff at the date of their response to these interrogatories or requests for production, explain why Plaintiff cannot answer the remainder and state the nature of the information or knowledge that Plaintiff cannot furnish.

c) The term "communication" as used herein, shall mean any oral, written or other matter of transmission or transfer of information.

d) The term "documents" as used herein, shall mean originals and all copies, unless identical, of all forms of tangible expression, including, without limitation, any written, printed, recorded, pictorial, graphic or photographic material, however produced or reproduced, formal or informal, whether for internal or external use, including without limitation, correspondence, letters, memoranda, drafts, corporate minutes, diary or employment book entries, telephone logs, telegrams, telexes, notes (including stenography notes), minutes, reports, contracts, agreements, directives, instructions, court papers, graphic representations, lists of persons or things, books, pamphlets, manuscripts, canceled checks, audio and video recordings, charts, tapes, videotapes, microfilm, microfiche, indices, data sheets, data processing cards and tapes, statistical tables, memoranda made of any telephone communications, emails, text messages, instant messages, social media, and diagrams.

e) If a document is stored digitally, produce a copy of that document in its native digital format with all original metadata intact.

f) The word "identify" or "identity" when used herein with reference to a person, means that you are to give the person's full name, all known business addresses, all known residence addresses, telephone numbers and all known occupations.

g)      The term "person" as used herein, shall be deemed to include, in the plural as well as singular, any natural person, firm, association, partnership, joint venture, corporation, or other entity, unless the context otherwise indicates.

h)      The term "policy" as used herein, shall be deemed to include both formal and informal policies.

i)      If Plaintiff is asked to identify a document as defined in paragraph "d" above, for each document please state the following:

(1) A specific description of the document and the sum and substance of the content thereof;

(2) The date the document was prepared;

(3) The identity of each person signing or executing the document;

(4) The date on which such person signed or executed the document; and

(5) The identity of the person who prepared the document or who aided or assisted in the preparation of said document.

j)      With respect to any communications referred to herein, Plaintiff is requested to state:

(1) The identity of each person who made each communication;

(2) The identity of each person to whom each communication was made;

(3) The identity of each person who was present during each communication or who received a copy of each communication; and

(4) A complete description of the substance and content of the communication.

k)      The information requested in paragraphs "i" and "j" above need not be supplied if the document or a copy of the communication (or an accurate transcription or recording thereof)

accompanies the service of Plaintiff's responses to these interrogatories or requests for production. When such document or copy, transcription or recording of a communication is supplied in response to these interrogatories or requests for production, please identify by number each interrogatory or request for production to which the document is responsive. These interrogatories and requests for production are deemed continuing so as to require reasonable supplemental answers if Plaintiff obtains further information between the time Plaintiff's answers are served and the time of trial.

l)      If Plaintiff's response to any document demand or interrogatory is a reference to a previously produced document, identify the date and time of the specific document to which Plaintiff's response refers.

## **INTERROGATORIES**

1.      Identify every financial loss or expense Plaintiff allegedly incurred as a result of the Defendants' alleged actions, including a description of its nature, the amount, the date incurred, and the amount of similar estimated future expenses or losses, if any.

2.      Specify in detail the basis for the total amount of damages that Plaintiff claims, stating how you arrived at this figure, whether a mathematical per diem figure was used in calculating any component of damages and, if so, the per diem used.

3.      Describe every physical injury Plaintiff allegedly incurred as a result of the Defendants' alleged actions, by stating the precise manner each alleged injury occurred, the monetary amount of damages claimed for physical injury, the methods by which you arrived at the amounts stated and, if by the use of a per diem figure, the amount per day.

4.      Identify every mental suffering or emotional injury Plaintiff allegedly incurred as a result of the Defendants' alleged actions, including a description of its nature and the monetary amount of damages claimed for mental suffering or emotional injury, the method(s) by which Plaintiff arrived at the amounts stated above and, if by the use of a per diem figure, the amount per day.

5.      Identify the amount of loss earnings claimed, the basis for the amount claimed, and the method or methods by which Plaintiff used to arrive at the amounts stated above and, if by use of a per diem figure, the amount per day.

6.      Do you claim any special damages in this case? If not, so state. If so, provide: (a) description of their nature; (b) the amount; and (c) the mathematical basis for the amount claimed.

7.      Identify all hospitals, doctors, physicians, physical therapists, psychiatrists, psychologists, therapists, counselors, social workers, and other health care professionals who have evaluated and/or treated Plaintiff for injuries or damages allegedly caused by Defendants' actions.

8.      Identify hospitals, doctors, physicians, physical therapists, psychiatrists, psychologists, therapists, counselors, social workers, and other health care professionals who had previously evaluated and/or treated Plaintiff for the same or similar injuries to those alleged in this case.

9.      Identify all pharmacies that have filled prescriptions for injuries allegedly caused by Defendants' actions.

10.      Identify all witnesses to the factual allegations set forth in the complaint.

11.      Identify all persons with whom Plaintiff discussed the events and injuries as alleged in the complaint, including any public news outlets.

12.      Identify all persons who saw Plaintiff exhibiting any effects of physical injuries for which Plaintiff seeks compensation in this lawsuit.

13.      Identify every document in Plaintiff's custody or control relating to the allegations in the complaint.

14.      Identify what videos or audio recordings Plaintiff has in his possession relating to the allegations in the complaint, including videos of public personnel, such as police officers and/or town clerks.

15.      Identify any physical evidence supporting, refuting or otherwise pertaining to the allegations set forth in the Second Amended Complaint

## DOCUMENT REQUESTS

1. Produce all documents relied upon in drafting responses to the foregoing interrogatories.

2. Produce all documents listed or described in Plaintiff's Fed. R. Civ. P. 26(a) automatic disclosures.

3. Produce all expert disclosures required by Fed. R. Civ. P. 26(a)(2).

4. Produce any and all documents that evidence or reflect all economic and financial expenses or losses, including lost earnings, incurred by Plaintiff because of the alleged actions or omissions of Defendants.

5. Produce any and all documents that evidence or reflect all medical expenses incurred by Plaintiff because of the alleged actions or omissions of Defendants.

6. Produce any and all documents that evidence or reflect all mental and emotional damages claimed by Plaintiff as a result of the actions or omissions of Defendants.

7. Produce any and all documents that evidence or reflect all damages claimed by Plaintiff.

8. Produce any and all notes, emails, diary entries, audio recordings, video recordings, statements, and other writings and documents made by Plaintiff or any other person concerning Plaintiff's claims in this action.

9. Produce any and all notes, emails, diary entries, audio recordings, video recordings, statements, and all other writings and documents made by Plaintiff which discuss, in whole or in part, the events of April 18, 2023 that give rise to this lawsuit.

10. Produce records of all ambulance, hospital, physician, physical therapists, psychiatrists, psychologists, therapists, counselors, social workers, and other health care

7

professionals who evaluated and/or treated Plaintiff for the injuries and damages that Plaintiff believes Defendants caused, together with duly executed and notarized HIPAA-complaint authorizations to allow Defendants to obtain these records.

11.    Produce records of all ambulance, hospital, physician, physical therapists, psychiatrists, psychologists, therapists, counselors, social workers, and other health care professionals who evaluated and/or treated Plaintiff for prior injuries and damages to the same parts of Plaintiff's body he claims Defendants injured, together with duly executed and notarized HIPAA-complaint authorizations to allow Defendants to obtain these records.

12.    Produce records of all psychiatrists, psychologists, therapists, social workers, and other mental health professionals who have ever examined and/or treated Plaintiff, together with fully executed and notarized HIPAA-complaint authorizations to allow Defendants to obtain these records.

13.    Produce a duly executed HIPAA-complaint written authorization to obtain all collateral source records relating to the injuries or damages sustained by Plaintiff as a result of the incident alleged in the Complaint.

14.    Produce a duly executed and notarized HIPAA-complaint authorization allowing Defendants to obtain all pharmacies that filled prescriptions for medications prescribed for injuries or damages relating to the actions or omissions allegedly caused by Defendants.

15.    Produce all documents evidencing or reflecting the payment by any third party of the medical bills, psychiatric bills, psychologist bills, psychotherapy bills, social worker bills, or the bills of any physical or mental health care professional, which bills were incurred because of the acts or omissions of any Defendants.

16.     Provide HIPAA-compliant authorizations for Plaintiff's Medicaid/Medicare files, if applicable.

17.     Produce any and all documents that evidence or reflect Plaintiff's health insurance, or lack thereof, as of April 18, 2023.

18.     Produce any and all photographs or video recordings of Plaintiff's physical injuries as alleged in the complaint regarding the events alleged in this case.

19.     Produce all statements, oral and written, recorded audio, and video statements of each person with knowledge of the events alleged in the complaint regarding the matters alleged in this case.

20.     Produce all notes, emails, text messages, audio and recordings reflecting communications between Plaintiff and any witness(es) to the events alleged in the complaint about those events.

21.     Produce all notes, emails, text messages, audio and video recordings reflecting communications between Plaintiff and any Defendants regarding the events at issue in this case.

22.     Produce all notes, emails, text messages, audio and video recordings reflecting communications between Plaintiff and any Defendants prior to the events at issue in this case.

23.     Produce all notes, emails, text messages, audio and video recordings reflecting communications between Plaintiff and LackLuster YouTube channel regarding the events at issue in this case.

24.     Produce all documents that evidence or reflect Plaintiff's efforts to mitigate his damages.

Dated: February 10, 2025
        Carle Place, New York

Sokoloff Stern, LLP
*Attorneys for Defendants*

By: _____

BRIAN S. SOKOLOFF
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 180146

TO:   RYAN THEODORE
      *Pro-se Plaintiff*
      16 Hampton Drive,
      Carmel Hamlet, NY 10512
      Theryman92@gmail.com
      (914) 361-9332

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RYAN THEODORE,

                    Plaintiff,                         Docket No. 24-cv-05414 (CS)

        -against-

TOWN OF KENT NEW YORK, TOWN OF KENT          **Plaintiff's Response**

POLICE CHIEF KEVIN OWENS, TOWN OF KENT       **to Interrogatories**

POLICE OFFICER STEVEN GASPARRINI, TOWN

OF KENT DETECTIVE RAYMOND

BEAUCHESNE, TOWN OF KENT DETECTIVE

JASON KNAPP,

                    Defendants.

1.      Plaintiff suffered a financial loss of 10 days of wage earnings equal to the sum of $1,197.03 as a result of defendants' alleged actions between April 18, 2023 and April 27, 2023. Although losses from the period between Plaintiff's return to work and subsequent full recovery do exist, the pervasive and intangible nature of random circumstance coupled with the irrationality of the human condition prevent any meaningful calculation or estimate at this time.

2.      The basis for the total amount of damages that Plaintiff claims is both economic and non-economic. The sum of the economic damages is equal to the claim for the loss of wages which is calculated based on averages the previous four weeks of earnings. The sum of non-economic damages is not derived from any mathematical calculation but rather a subjective view of the totality of the alleged actions by defendants in relative comparison to case law and precedent.

3.      Plaintiff suffered temporary loss of full faculties in the left wrist and hand as a result of the Defendants' alleged actions. Plaintiff alleges the injury was a result of the misapplication of wrist shackling devices which were applied by Defendants. Monetary claim for this injury is subject to jury discretion.

4.      As a result of Defendants' alleged actions Plaintiff suffered the following mental or emotional injuries:

   a.  Acute Stress Disorder, with the nature of the suffering being, Intrusive memories, flashbacks, avoidance of trauma reminders, hyperarousal, and dissociation.
   b.  Post Traumatic Stress Disorder, with the nature of the suffering being, the prolonged re-experiencing of trauma through flashbacks, prolonged negative changes in mood, prolonged anxiety, and prolonged hyperarousal.
   c.  Depression, with the nature of the suffering being, the feeling of worthlessness, difficulty concentration, changes in sleep, changes in appetite, changes in energy levels, loss of interest in previously enjoyed activities, and persistent low mood.

   Monetary claim for this injury is subject to jury discretion.

5.      The calculable wage loss earnings claimed by Plaintiff is equal to 1197.03 for 10 days of earnings as stated in the notice of claim where Plaintiff was unable to work because of the alleged actions of Defendants. It is derived using the following equation: "T/M/D*X",  (3351.67/4/7*10), where T is equal to the sum of one calendar month of prior earnings (4/18/2023-4/27/2023) reflected in document titled "Prior_wages.pdf", M is equal the number of weeks in a month, D is equal to days in a week, and X is equal to the number of days of lost wages claimed.

6.    Plaintiff has incurred travel expenses associated with this case which cannot be quantified as this time and is subject to jury discretion.

7.    Plaintiff was treated by Optum Medical Care, P.C. via their urgent care office at 185 Route 312, Brewster, NY 10509 on April 18, 2023 evident in document "Urgent_Care_Brewster_04182023.pdf". Plaintiff was subsequently treated by Dr. Simon Chin at 111 Bedford Rd, Katonah, NY 10536 on May 1, 2023  evident in document "Dr.Chin_Katonah_05012023.pdf".

8.    Plaintiff has not been previously evaluated and/or treated by hospitals, doctors, physicians, physical therapists, psychiatrists, psychologists, therapists, counselors, social workers, and other health care professionals for any of the same or similar injuries.

9.

There are no pharmacies that have filled prescriptions in which to identify.

10.    Witnesses to the factual allegations set forth in the complaint include Plaintiff RYAN THEODORE and Defendants KEVIN OWENS, STEVEN GASPARRINI, RAYMOND BEAUCHESNE, and JASON KNAPP.

11.    Objection: "The requested information is overly broad."

12.    Objection: "The requested information is overly broad."

13.    Objection: "The information sought is protected by work product doctrine, or another applicable privilege."

14.

Objection: "The requested information is overly broad."

Objection: "The request is not relevant to the subject matter of the case."

15.
   a. Photos and video of Plaintiff's wrist immediately after release from Defendants' custody including thereafter on the day of the alleged events.
   b. Video captured by defendants' obtained via FOIL request of the alleged events.
   c. Videos captured by Plaintiff's mobile device of the alleged events.
   d. Police reports obtained from the Town of Kent police department of the complaint obtained via FOIL request relevant to the subject matter in this case.
   e. Communication between Kent Police Dispatch and Officer Steven Gasparrini before the alleged events in this case.

## DOCUMENT REQUESTS FULFILLMENT

1.      All documents relied upon in drafting responses of the foregoing interrogatories have been included alongside this response.

2.      All documents listed or described in Plaintiff's Red R. Civ. P. 26(a) automatic disclosures have been included alongside this response.

3.      Plaintiff does not cite any expert witnesses.

4.      Documents that reflect Plaintiff's lost earnings are evident within the document titled:
        "Prior_wages.pdf"
        "Uber_Lyft_Lost_Wages.pdf"

5.      Objection: "No such document exists, after a reasonable search."

6.      Objection: "No such document exists, after a reasonable search."

7.      "Objection. The request is overly broad, vague, and speculative. There are no documents that can reflect all damages as doing so would draw upon a legal conclusion."

8.      Objection: "The requested information is overly broad."
        Objection: "The requested information is confidential, proprietary or subject to another privilege and should be protected."

9.      Objection: "The requested information is overly broad."
        Objection: "The requested information is confidential, proprietary or subject to another privilege and should be protected."

10.     Objection: "The requested medical records are irrelevant to the claims or defenses in this matter and do not pertain to any issues raised in the case. Therefore, I deny the request."

11.     Objection: "The requested medical records are irrelevant to the claims or defenses in this matter and do not pertain to any issues raised in the case. Therefore, I deny the request."

12.     Objection: "The requested medical records are irrelevant to the claims or defenses in this matter and do not pertain to any issues raised in the case. Therefore, I deny the request."

13.     Objection: "The requested medical records are irrelevant to the claims or defenses in this matter and do not pertain to any issues raised in the case. Therefore, I deny the request."

14. Objection: "The requested medical records are irrelevant to the claims or defenses in this matter and do not pertain to any issues raised in the case. Therefore, I deny the request."

15. Objection: "I do not have sufficient knowledge or information to answer this question."

16. Objection: "The request is not relevant to the subject matter of the case."
    Objection: "The information sought is protected under applicable privacy laws."

17.
    Objection: "The request is not relevant to the subject matter of the case."

18. Photographs or video recordings of Plaintiff's physical injuries as alleged have been attached to this submission and are named as follows:

    "Left_Wrist_15_Minutes_After_release_1.jpg"

    "Left_Wrist_15_Minutes_After_release_2.jpg"

    "Left_Wrist_15_Minutes_After_release_3.jpg"

    "Left_Wrist_At_Urgent_Care.jpg"

    "Right_Wrist_15_Minutes_After_release_1.jpg"

    "Right_Wrist_At_urgent_Care.jpg"

    "Theodore_Left_Wrist_Restraint.jpg"

    "Video_Still_Left_Wrist_1.PNG"

    "Video_Still_Left_wrist_2.PNG"

    "Video_Still_Right_Wrist_1.PNG"

    "Video_Still_Right_Wrist_2.PNG"

    "Ryan_Theodore_Video_Capture_After_Apprehension.mp4"

19.    Objection: "The requested information is overly broad"

Objection: "I do not have sufficient knowledge or information to answer this question."

20.

Objection: "The requested information is overly broad"

Objection: "I do not have sufficient knowledge or information to answer this question."

21.

Objection: "No such document exists, after a reasonable search."

22.

Objection: "No such document exists, after a reasonable search."

23.    The email thread containing all communication between Plaintiff and LackLuster Media has been compiled into a single document titled:

"Theodore_Lackluster_communication.pdf".

24.    Plaintiff's efforts to mitigate damages is demonstrated in documents:

"Dr.Chin_Katonah_05012023.pdf"

"Urgent_Care_Brewster_04182023.pdf"

"Theodore_Left_Wrist_Restraint.jpg"

Plaintiff RYAN THEODORE hereby admits to the truthfulness of these responses and to the genuineness of each supplied document.

/s Ryan Theodore

Dated: 3/11/2025

TO:

<u>Sokoloff Stern, LLP</u>

*Attorneys for Defendants*

BRIAN S. SOKOLOFF

179 Westbury Avenue

Carle Place, New York 11514

(516) 334-4500


Danielle L. Jacobs

179 Westbury Avenue

Carle Place,  New York  11514

(516) 334-4500 ext. 104 (phone)

(516) 701-1271 (direct)

(516) 334-4501 (fax)

www.sokoloffstern.com


By:

RYAN THEODORE

Pro-se Plaintiff

16 Hampton Drive,

Carmel Hamlet, NY 10512

Theryman92@gmail.com

(914) 361-9332

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
RYAN THEODORE,

                             Plaintiff,                    Docket No. 24-cv-05414-CS

         -against-                          **NOTICE OF**
                                          **<u>DEPOSITION</u>**

TOWN OF KENT NEW YORK, TOWN OF KENT
POLICE DEPARTMENT, TOWN OF KENT POLICE
CHIEF KEVIN OWENS, TOWN OF KENT POLICE
OFFICER STEVEN GASPARRINI, TOWN OF KENT
DETECTIVE RAYMOND BEAUCHESNE, TOWN OF
KENT DETECTIVE KASON KNAPP,

                            Defendants.
-------------------------------------------------------------------------x

<u>**NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**</u>

       PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules,

Defendants, will take the oral deposition of PLAINTIFF RYAN THEODORE commencing April

29, 2025, at 10:00 a.m., at the offices of SOKOLOFF STERN LLP, 179 Westbury Avenue, Carle

Place, New York 11514, or virtually via alternative means such as ZOOM, SKYPE, GOOGLE

HANGOUTS, or MICROSOFT TEAMS, and the same will continue from day to day until

completed concerning all of the relevant facts and circumstances in connection with this litigation.

Said Defendants shall reserve the right to use electronic audio and visual means to record said examination in conjunction with or instead of stenographic recordings pursuant to applicable Court rules.

Dated: Carle Place, New York
　　　　March 24, 2025

SOKOLOFF STERN LLP
*Attorneys for Defendants*

By: _Danielle L. Jacobs_

DANIELLE L. JACOBS
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 230172

TO:

*pro se Plaintiff Ryan Theodore*
16 Hampton Drive
Carmel, NY 10512
(914) 361-9332

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RYAN THEODORE,

                              Plaintiff,

              -against-

TOWN OF KENT NEW YORK, TOWN OF KENT POLICE
DEPARTMENT, TOWN OF KENT POLICE CHIEF KEVIN
OWENS, TOWN OF KENT POLICE OFFICER STEVEN
GASPARRINI, TOWN OF KENT DETECTIVE
RAYMOND BEAUCHESNE, TOWN OF KENT
DETECTIVE KASON KNAPP,

                            Defendants.
------------------------------------------------------------------------x

Docket No. 24-cv-05414-CS

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                           ss:
COUNTY OF NASSAU    )

      Justin S. Boniello, being duly sworn, deposes and says that deponent is not a party to the

action, is over 18 years of age and resides in the county of Queens, New York.

      That on March 24, 2025 deponent served the within **DEFENDANTS' NOTICE OF**

**DEPOSITION ON PLAINTIFF** upon the following address for that purpose:

Ryan Theodore
*pro se Plaintiff*
16 Hampton Drive
Carmel, NY 10512
(914) 361-9332

Service was completed by depositing a true copy of the aforesaid documents in a postpaid properly addressed envelope, in an official depository under the exclusive care, custody, and control of the United States Postal Service within the State of New York via regular and certified mail.

Justin Boniello

Sworn to before me on
March 24, 2025

NOTARY PUBLIC

BRIAN S. SOKOLOFF
Notary Public, State of New York
No. 02SO6378293
Qualified in Queens County
Commission Expires July 23, 2026

2

**USPS Certified Mail Receipt**

9589 0710 5270 2357 5802 63

CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To   Ryan Theodore
Street and Apt. No., or PO Box No.   16 Hampton Dr
City, State, ZIP+4®   Carmel, NY 10512

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions