UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RYAN THEODORE,

Plaintiff,

- against -

TOWN OF KENT, *et al.*,

Defendants.
-----------------------------------------------------------x

No. 24-CV-5414 (CS)

**ORDER**

CATHY SEIBEL, United States District Judge:

At the proceeding on September 28, 2026, Plaintiff indicated that he was interested in the Court requesting volunteer counsel. For the following reasons, Plaintiff's application is granted to the extent that the Court will request volunteer counsel.

**LEGAL STANDARD**

The *in forma pauperis* ("IFP") statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer

lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. The court must first consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If this threshold requirement is met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

At the bench ruling on September 28, 2026, the Court inquired whether Plaintiff was interested in having the Court seek a volunteer attorney to represent him for remainder of the case, which is to be tried in February 2027. Plaintiff indicated that he was.

In his Amended Complaint, Plaintiff asserted claims under 42 U.S.C. § 1983, alleging violations of his First, Fourth, Sixth, and Fourteenth Amendment rights, as well as a state law battery claim, against several Town of Kent police officials. After Defendants' motion for summary judgment, Plaintiff's Fourth Amendment false arrest, illegal search, and excessive force claims, as well as his state battery claim, survive. Given the seriousness of the allegations,

and the fact that these claims survived Defendants' motion for summary judgment, I find that the likely merit of Plaintiff's claims may be sufficient on its own to warrant granting Plaintiff's application. *See Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (likely merit of claims is "threshold requirement" for appointment of counsel application). The case is also advancing to trial, where cross-examination of Defendants will likely be crucial to Plaintiff's case. The Court is also hopeful that this case could be settled, and representation would also assist in facilitating agreement between the parties. Plaintiff, however, is not proceeding *in forma pauperis*, and he paid the filing fee to commence this action. (*See* ECF No. 11.) Although the Court is unaware of Plaintiff's current financial situation or past efforts to obtain counsel, it finds that the other *Hodge* factors militate strongly in favor of granting Plaintiff's application. Representation would "lead to a quicker and more just result by sharpening the issues and shaping examination," in preparation for and during trial. *Hodge*, 802 F.2d at 61.

**CONCLUSION**

For the foregoing reasons, Plaintiff's application is granted to the extent that the Court will request volunteer counsel for the remainder of the proceedings. In the interim, this litigation will progress at a normal pace, and all deadlines concerning pre-trial submissions remain in place. If no attorney steps forward to try the case, a volunteer for settlement negotiations only would be welcome. Should *pro bono* counsel appear for the limited purpose of settlement negotiations, they will not be obligated for any aspect of Plaintiff's representation beyond that purpose, and their representation will end upon completion of settlement negotiations and the filing of a Notice of Completion. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney decides to take the case, the attorney will contact Plaintiff directly. There is no

guarantee, however, that a volunteer attorney will take the case, and Plaintiff should be prepared to proceed to trial *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

**SO ORDERED.**

Dated: September 29, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.